RECORD NUMBER: 14-4213

# United States Court of Appeals
## *for the*
## Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**JOSE NICANOR ESCOBAR-LOPEZ,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT ORANGEBURG

# OPENING BRIEF OF APPELLANT

JAMES A. BROWN, JR.
LAW OFFICES OF JIM BROWN, P.A.
1600 Burnside Street, Suite 100
P.O. Box 592
Beaufort, SC 29901
(843) 470-0003

*Counsel for Appellant*

**COUNSEL PRESS • VA – (800) 275-0668**

## TABLE OF CONTENTS

Jurisdiction ................................................................................................... 1

Statement of Issue on Appeal ..................................................................... 1

Statement of the Case.................................................................................. 1

      Statement of Facts............................................................................ 3

Argument...................................................................................................... 4

      Summary of Argument ..................................................................... 4

      Standard of Review.......................................................................... 4

      Discussion ........................................................................................ 5

Conclusion ................................................................................................. 11

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Cases**

Alleyne v. US,
  --US--,, 133 SCt 2151 (2013) .................................................................. 6

Almendarez-Torres v US,
  523 US 224 (1998) ...................................................................................... 6

Anders v. California,
  386 U.S. 738 (1967) .............................................................................. 3, 11

Apprendi v New Jersey,
  530 US 466 (2000) ...................................................................................... 5

Burgess v US,
  553 US 124 (2008) ...................................................................................... 8

Cabantac v Holder,
  693 F3d 825 (9th Cir. 2012)(en banc) ....................................................... 7

Shepard v US,
  544 US 13 (2005) ..................................................................................... 6, 7

US v Booker,
  543 US 220 (2005) ...................................................................................... 6

US v Kellam,
  568 F3d 125 (4th Cir. 2013) ............................................................... 4, 7, 9

**Rules, Statutes, and Other Authorities**

18 USC § 3742 ................................................................................................ 1

21 USC § 802(44) ........................................................................................... 7

21 USC § 841 ............................................................................................. 1, 5

21 USC § 841(b)(1)(A) .................................................................................. 5

21 USC § 846 ............................................................................................. 1, 5

21 USC § 851 ........................................................................................ passim

28 USC § 1291 ............................................................................................... 1

CA Section 11351 (1987 Ann.) ..................................................................... 8

Fifth Amendment, US Constitution ............................................................... 5

## JURISDICTION

This appeal is from the final judgment in a criminal case filed on March 12, 2014. Jurisdiction in the district court was based upon 21 USC Sections 841, 846 and 851. Appellate jurisdiction is based on 18 USC Section 3742 and 28 USC Section 1291.

## STATEMENT OF ISSUE ON APPEAL

Did the government sufficiently prove that Appellant's 1997 conviction constituted a "felony drug conviction" for purposes of sentencing enhancement?

## STATEMENT OF THE CASE

In the case at bar, the Appellant was ultimately charged in a superseding indictment implicating 11 defendants in the commission of 14 criminal allegations involving drugs and firearms. Superseding Indictment. The Appellant was charged for his involvement in a conspiracy involving more than five kilograms or more of cocaine and 1000 kilograms or more of marijuana as well as possession with intent to distribute 500 or more grams of cocaine. Superseding Indictment, Counts 1 and 11. Approximately two weeks later, the government filed an information providing notice that it would seek enhancement of any sentence through proof that the Appellant had previously been convicted of a felony drug offense. Information, date

1

February 21, 2013.

Eventually, a plea agreement was reached between Mr. Escobar-Lopez and the government. Plea Agreement, signed by the Appellant on May 25, 2013. Primarily, this agreement provided that Mr. Escobar-Lopez would plead guilty to Count 1 and that Count 11 would be dismissed. Plea Agreement, ¶¶ 1 and 3. This agreement did not address the government's intent to seek enhancement.

The Appellant pled guilty to Count 1 on May 29, 2013. He did not object to any of the guideline calculations contained in the pre-sentence report (PSR). Sentencing Transcript, March 5, 2014, p. 2, l. 12-24. However, he did object to the use of a prior conviction for purposes of enhancement of his sentence.

Following argument regarding this enhancement, the Court overruled the objection. Sentencing Transcript, March 5, 2014, p. 15, l. 12-18. Finding the guideline range appropriately calculated at 51-63 months but subsumed by a 20 year mandatory minimum produced by enhancement, the Court sentenced the Appellant to 20 years of incarceration. Sentencing Transcript, March 5, 2014, p. 16, l. 2-7 & p. 18, l. 1-4. This Judgment was entered on March 12, 2014. Docket Report, Entry No. 560.

A Notice of Appeal was filed on March 13, 2014. Undersigned

counsel was then appointed by the US Court of Appeals for the Fourth Circuit on March 20, 2014. This brief follows.

Having reviewed the record of this case, researched the issue raised by Jose Escobar-Lopez and found it to have no merit, this brief is submitted pursuant to <u>Anders v. California</u> , 386 U.S. 738 (1967).

<u>Statement of Facts</u>

According to information contained in the PSR and presented as a factual basis at the guilty plea hearing, law enforcement learned of a drug distribution network utilizing couriers who transported drugs in the area of Charlotte, NC. PSR, ¶ 13. Eventually, law enforcement learned that name of the individual who coordinated shipments of cocaine into South Carolina. A search warrant was executed at the house, associated with this individual, located in Cassatt, South Carolina. PSR, ¶ 14 & Plea Transcript, May 29, 2013, p. 51, l. 20- p. 52, l. 16.

This search revealed evidence of drug activity including guns and other paraphernalia indicative of drug distribution. PSR, ¶ 14 & Plea Transcript, May 29, 2013, p. 51, l. 20- p. 52, l. 16 . Following the arrest of co-defendants, law enforcement began a sting operation in which a cooperating witness offered to exchange good quality cocaine for poor quality. PSR, ¶ 16 & Plea Transcript, May 29, 2013, p. 52, l. 17-21. The

3

Appellant was identified as the person who would be transporting the poor quality cocaine into South Carolina for the exchange.

On November 14, 2012, the Appellant was arrested following a traffic stop. PSR, ¶ 17 & Plea Transcript, May 29, 2013, p. 52, l. 24- p. 53, l. 2. A K-9 search revealed 6 packages of cocaine located in a hidden compartment. These drugs weighed approximately 5 kilograms.

## ARGUMENT

**Even though the Appellant, Jose Escobar-Lopez, contends that the government did not sufficiently prove that his 1997 conviction constituted a "felony drug conviction" for purposes of sentencing enhancement, the Court correctly resolved this issue by finding enhancement appropriate.**

### Summary of Argument

Jose Escobar-Lopez contends the trial court improperly enhanced his sentence by finding a 1997 California conviction constituted a "felony drug conviction."

### Standard of Review

In reviewing the propriety of an enhancement pursuant to 21 USC Section 851, an appeals court assesses the district court's findings of fact for clear error and its legal rulings *de novo*. US v Kellam, 568 F3d 125, at 143 (4 th Cir 2009)(internal citations omitted).

4

Discussion

When one is charged with a controlled substance violation in the federal system, the minimum and maximum sentencing range is proscribed by statute. In the case of 21 USC Section 841, the penalty range becomes more severe if one has previously been convicted of a felony drug offense. The triggering mechanism for such enhancement is found at 21 USC Section 851.

A conviction for a violation of 21 USC Section 841 involving five or more kilos of cocaine or 1000 or more kilos of marijuana carries a potential penalty of 10 years to life. 21 USC Section 841(b)(1)(A). This penalty range also applies when the conviction involves a conspiracy allegation pursuant to 21 USC Section 846. When an accused has been previously convicted of a felony drug conviction which has become final, the penalty range then becomes 20 years to life. 21 USC Section 841(b)(1)(A).

Normally, a fact which raises the maximum sentence requires that such a fact be presented to and found to exist by a grand jury. Fifth Amendment, US Constitution & Apprendi v New Jersey, 530 US 466, at 476 (2000). Further, such a fact must have been found to exist by the verdict of a petit jury or by admission of the accused. Apprendi. Finally, such fact

5

must be proven beyond a reasonable doubt, if not admitted by the accused. US v Booker, 543 US 220 (2005).

However, a "fact of a prior conviction" exception exists. Almendarez-Torres v US, 523 US 224 (1998).[1] Neither a grand nor petit jury finding is required to prove the existence of a prior conviction. Almendarez, at 239-244. A sentencing judge may find the existence of such a fact on his own. Id.

The procedure for enhancement begins when the prosecution files an information detailing a conviction upon which the prosecution intends to rely for enhancement. 21 USC Section 851. If the accused disputes the propriety of such enhancement, the court should then make a determination whether reason exists to except the defendant from enhancement. Id. The government bears the burden to prove the propriety of enhancement by proof beyond a reasonable doubt. Id.

A court's inquiry into the existence of a prior conviction is limited to review of only certain types of proof. Shepard v US, 544 US 13 (2005).

Generally, a court is: "limited to the terms of the charging document, the terms of a plea agreement or transcript of the colloquy

---

[1] In Alleyne v. US, --US--,, 133 SCt 2151 (2013), the US Supreme Court suggested the continued viability of this holding may be in question given the holding in Alleyne. Alleyne,, n. 1.

6

between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard at 26.  Resort to the terms contained in an information has been found acceptable by the courts.  Shepard . Further, a court may properly consider information contained in a "minute order" as well as docket entries. Cabantac v Holder , 693 F3d 825, 826-827 (9 th Cir. 2012)(en banc) amended by Cabantac v Holder , 736 F3d 787 (9 th Cir. 2013)(en banc) ("We hold that where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count....").

Before application of the enhancement provision, the government must prove the existence of a prior felony conviction.  US v Kellam , 568 F3d 125, at 141(4th Cir. 2013).  Also, the government must prove this conviction was final.  Finally, the government must prove the identity of the accused as the one involved in the prior conviction.

For a conviction in state court to constitute a "felony drug conviction," such a conviction must have involved "narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances". 21 USC Section 802(44). Further, such a conviction must have involved an

7

offense which carried a potential penalty of more than one year. Id. The designation of such an offense as a misdemeanor by state law does not impact the determination of whether a conviction would constitute a "felony" under the enhancement provisions. Burgess v US, 553 US 124 (2008).

In the California state statutory scheme, controlled substance violations are generally defined in the Health and Safety Code. Pertinent to this appeal, the version of Health and Safety Code Section 11351 in effect in 1996, prohibited a person from possessing for sale or purchasing for sale certain controlled substances. CA Section 11351 (1987 Ann.). Violations of this provision subjected one to a penalty of two, three, or four years of incarceration. Id.

In the case at bar, the Appellant was charged with a conspiracy involving more than five kilograms or more of cocaine and 1000 kilograms or more of marijuana as well as possession with intent to distribute 500 or more grams of cocaine. Superseding Indictment, Counts 1 and 11. He pled to this conspiracy while the other charge was dropped. Judgment, p. 1. The facts alleged in this indictment subjected the Appellant to sentencing in the range of 10 years to Life.

However, the government filed an information pursuant to 21 USC

Section 851. See Information dated February 21, 2013. The government's notice indicated intent to enhance the permissible sentencing range based upon the Appellant's 1997 conviction for a drug offense in the State of California. The government asserted this conviction was a felony drug conviction as defined by federal law because the potential penalty exceeded one year.

His uncontested advisory guideline calculation produced a range of 51-63 months. PSR, ¶ 59. However, bound by the mandatory minimum, the district court was restrained from sentencing the Appellant to less than 10 years without enhancement. PSR, ¶ 59. Over the objection of the Appellant, the court found enhancement proper and sentenced the Appellant to the enhanced mandatory minimum of 20 years.

While objecting to enhancement, the Appellant did not dispute the validity or finality of this prior conviction as allowed under 21 USC Section 851.[2] Sentencing Transcript, March 5, 2014, p. 3, l. 2-4. Further, he did not contest his identity as the person subject to the 1997 California conviction. However, the Appellant did argue that the conviction did not qualify as a felony drug conviction.

---

[2] The trial court did not expressly inquire of the Appellant whether he admitted or denied the existence of the prior convictions as required by statute. See Kellam, at 145 (citing 21 USC Section 851(b)).

9

When the Appellant disputed that this conviction qualified as a felony drug conviction, resort was made to three documents relevant to the California conviction: a) a felony complaint, b) a certified copy of an electronic docket, and c) a minute order from the sentencing court. Sentencing Transcript, March 5, 2014, p. 3, l. 4-22.

The Appellant argued that these documents did not prove that the conviction was for the same offense listed in the charging document. Sentencing Transcript, March 5, 2014, p. 5, l. 12-19. Counsel for the Appellant argued that the electronic docket stated: "PLEA TO COUNT 01 VACATED AND SET ASIDE, AND NEW AND DIFFERENT PLEA OF GUILTY ENTERED." Electronic Docket, p. 2 & Sentencing Transcript, March 5, 2014, p. 6, l. 1-4. Appellant's counsel suggested that the sentence noted on the "minute order" was inconsistent with the State of California's statute's sentencing options involving the provision under which the Appellant was originally charged. Sentencing Transcript, March 5, 2014, p. 5-12 & p. 15, l. 1-11. According to the minute order, the Appellant was sentenced by the California Court to a sentence of 265 days with credit for time served of 265 days and 3 years of formal probation; however, the California statute only authorized a sentence of two, three or four years. Minute Order and CA Code Section 11351.

Nonetheless, the sentencing court overruled this objection and found enhancement appropriate. Sentencing Transcript, March 5, 2014, p. 15, l. 12-18. Implicit in this ruling is a finding that the potential penalty for violation of the provision referenced in the felony complaint exceeded one year. The Court interpreted the change of plea language to indicate that the plea of not guilty referenced on page two of the electronic document was the plea which was vacated and set aside. Sentencing Transcript, March 5, 2014, p. 10, l. 1-6.

Therefore, even though the Appellant argues that the government did not sufficiently prove that Appellant's 1997 conviction constituted a "felony drug conviction" for purposes of sentencing enhancement, the Court correctly resolved this issue by finding enhancement appropriate.

## CONCLUSION

Thus, in accordance with the requirements of Anders v. California, 386 U.S. 738 (1967), appointed counsel has reviewed the facts and legal issues of this case. It is counsel's opinion that there are no legal issues that were not properly raised to or disposed of by the district court, and there are no grounds for an appeal in this case. A copy of this brief has been served on Appellant Escobar-Lopez.

September 22, 2014

          Respectfully Submitted,

          <u>/s/ James A. Brown, Jr.</u>
          James A. Brown, Jr.
          *Counsel for the Appellant Jose Escobar-Lopez*
          Law Offices of Jim Brown, P.A.
          1600 Burnside Street, Suite 100
          P.O. Box 592
          Beaufort, SC 29901-0592
          Federal ID Number: 7646
          (843) 470-0003

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>9/23/2014</u>    Caption: <u>U.S. v. Escobar-Lopez</u>

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [✓]    this brief contains <u>2,356</u> [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [ ]    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [✓]    this brief has been prepared in a proportionally spaced typeface using <u>MS Word 2010</u> [*identify word processing program*] in <u>Times New Roman 14 point</u> [*identify font size and type style*]; **or**

    [ ]    this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) <u>James A. Brown, Jr.</u>

Attorney for <u>Appellant</u>

Dated: <u>9/23/2014</u>

04/13/2012
SCC

# CERTIFICATE OF SERVICE

I certify that on  9/23/2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

John David Rowell
OFFICE OF THE U.S. ATTORNEY
1441 Main Street
Suite 500
Columbia SC 29201-2692
803-929-3000
jd.rowell@usdoj.gov


/s/ James A. Brown                                            9/23/2014
_____          _____
            Signature                                                              Date